
FILED

OCT 24 2019

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DENNIS SULLIVAN,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL SEGOVIA, GARRET KENT, BEAU BATEZAR, JARED PIILOLA, JOSH DAHR, DANIEL WILLIAMSON, and NICHOLAS GRAVELEY,<br><br>Defendants. | CV 18–83–H–DLC–JTJ<br><br>ORDER |

Before the Court is the Findings and Recommendations of United States Magistrate Judge John Johnston, entered October 4, 2019, recommending that the Court dismiss this matter pursuant to Rule 41 of the Federal Rules of Civil Procedure. (Doc. 22.) Because he failed to timely object, Sullivan waived his right to de novo review of the record. 28 U.S.C. § 636(b)(1)(C). Absent objection, the Court reviews the Magistrate Judge's findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error is "significantly deferential" and exists if the Court is left with a "definite and firm conviction that a

mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Under Rule 41(b), Fed. R. Civ. P., "if the plaintiff fails to prosecute or comply . . . with a court order, a defendant may move to dismiss the action or any claim against it." The Ninth Circuit recognizes that a district court "has the inherent power sua sponte to dismiss a case" on the same basis. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260. With this inherent power comes the "preferred practice" that the magistrate judge explicitly address the following factors before recommending that the district court dismiss for failure to comply with a court order:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 641–42 (9th Cir. 2002).

The Court finds no clear error in Judge Johnston's findings and agrees with his recommendation that this matter be dismissed pursuant to Rule 41(b) and the caselaw that springs from it. The Court has reviewed Judge Johnston's Findings and Recommendations (Doc. 22), as well as the Scheduling Order (Doc. 16) and Judge Johnston's August 26, 2019 Order (Doc. 21). On June 11, 2019, the Court

ordered the parties to file disclosure statements within 60 days. (Doc. 16 at 1.) When Sullivan failed to comply, the Court ordered him to file his disclosure by September 26, 2019—an extension of approximately six weeks beyond the original deadline. (Doc. 21 at 1.) To date, Sullivan has failed to comply. The Court is satisfied with Judge Johnston's application of the *Pagtalunan* factors to the circumstances here.

Accordingly, reviewing Judge Johnston's Findings and Recommendations for clear error and finding none, IT IS ORDERED that:

(1) Judge Johnston's Findings and Recommendations (Doc. 22) is ADOPTED IN FULL, and this matter is DISMISSED pursuant to Rule 41(b), Fed. R. Civ. P.

(2) The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(3) The Clerk of Court is directed to have the docket reflect that the Court certifies, pursuant to Rule 24(a)(3)(A), Fed. R. App. Proc., that any appeal of this decision would not be taken in good faith.

DATED this 24th day of October, 2019.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court